# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2026

Lyle W. Cayce
Clerk

————————

No. 25-20085

————————

Cherie Fountaine; Hailey King,

*Plaintiffs—Appellees*,

*versus*

U.S. Bank National Association as Indenture Trustee for TOWD Point Mortgage Trust 2019-4,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-801

————————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In this mortgage dispute, Appellees Cherie Fountaine and Hailey King contend that U.S. Bank's deed of trust securing its interest in their house was released under Tex. Fin. Code § 343.106(g). The district court found for Fountaine and King. Finding no clear error, we AFFIRM.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20085

In 2006, Efrehem Del Rosario took out a loan to purchase a property in Cypress, Texas ("the Property"). Del Rosario executed a promissory note and a deed of trust granting a lien against the Property. Fifteen years later, the Appellees, Fountaine and King, purchased the Property, and the sale closed on December 15, 2021. At the time of closing, the deed of trust was assigned to and recorded in favor of U.S. Bank National Association. Select Portfolio Servicing ("SPS") was responsible for servicing the loan. Fountaine and King obtained title insurance for the Property from Texas Title.

When Fountaine and King finalized their purchase of the Property, the loan had not been fully repaid. On December 15, 2021, SPS generated a payoff statement that listed $226,733.41 as the remaining balance on the loan ("the Higher Payoff Statement") and faxed the statement to Del Rosario's fax number. That same day, Texas Title received a payoff statement listing a remaining balance of $189,859.46 ("the Lower Payoff Statement") from the fax number purportedly belonging to Del Rosario. A day later, on December 16, Texas Title wired $189,859.46 to SPS. This case concerns whether Texas Title's payment released the deed of trust on the Property.

In response to U.S. Bank's threat to foreclose, Fountaine and King sought declaratory and injunctive relief establishing that U.S. Bank's deed of trust was fully satisfied. After a bench trial, the district court agreed that the payment of $189,859.46 had extinguished the deed of trust. The court rejected U.S. Bank's argument that the Lower Payoff Statement had been altered by another party, concluding that the statement came from SPS. This appeal followed.

When reviewing a bench trial, this court evaluates a district court's findings of fact under a clear error standard. *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015). A factual finding

2

No. 25-20085

is clearly erroneous if it is "implausible in the light of the record considered as a whole." *Brumfield v. Cain*, 808 F.3d 1041, 1057 (5th Cir. 2015) (quoting *Rivera v. Quarterman*, 505 F.3d 349, 361 (5th Cir. 2007)).

The district court did not clearly err. Section 343.106(g) of the Texas Finance Code provides:

> If a mortgage servicer submits an incorrect payoff statement to a title insurance company that results in the mortgage servicer requesting an amount that is less than the correct payoff amount . . . and the mortgage servicer receives payment in the amount specified in the payoff statement, the difference between the amount included in the payoff statement and the correct payoff amount: (1) remains a liability of the former mortgagor owed to the mortgagee; and (2) if the payoff statement is in connection with: (A) the sale of real property: (i) the deed of trust or other contract lien securing an interest in the property is released . . . . [1]

Based on this provision, U.S. Bank's deed of trust is released if the mortgage servicer, SPS, submitted the Lower Payoff Statement and Texas Title subsequently paid the amount listed in the statement.

U.S. Bank protests that there is no evidence that SPS submitted the Lower Payoff Statement. But the Lower Payoff Statement appears on SPS letterhead, has the exact same format as previous payoff statements produced by SPS, and was received by Texas Title the same day Texas Title's escrow officer requested it from SPS. Moreover, less than a month earlier, SPS had produced payoff statements listing amounts

---

[1] Section 343.106(f) provides a method for a mortgage servicer to correct erroneous payoff statements. U.S. Bank and SPS do not appear to contend that they satisfied that procedure here.

comparable to those in the Lower Payoff Statement.[2]   Given these attributes of the Lower Payoff Statement, the district court's finding was plausible.

U.S. Bank nevertheless contends that a third party fraudulently altered the Lower Payoff Statement.  Confusingly, however, U.S. Bank did not plead fraud as an affirmative defense, did not file any criminal reports of fraud, did not notify authorities of potential criminal activity, did not name any potential fraudsters as parties to the litigation, and did not conduct its own fraud investigation.[3]  Without substantiating their fraud theory in any of these ways, U.S. Bank has practically no evidence that the Lower Payoff Statement was altered.  They fall back on the argument that it would not have made sense for U.S. Bank to intentionally send an erroneous payoff statement.  Perhaps so, but erroneously low payoff statements connected to the same loan had been produced as recently as November 2021.  Transmitting another erroneously low payoff statement in December seems plausible, especially given that the amounts listed in the Lower Payoff Statement and the November payoff statements were comparable.  While U.S. Bank's theory is not totally implausible, it falls far short of demonstrating that the district court clearly erred.

_____

[2] These other payoff statements, produced on November 22, 2021 and November 24, 2021, reflected a payment on the loan of about $30,000 that was later reversed.

[3] The two potential fraudsters U.S. Bank seems to have in mind are Del Rosario and Brandan Schild.  Del Rosario was the initial purchaser of the Property.  Schild acquired the property from Del Rosario in November 2021 and then sold it to Fountaine and King.  Neither is a party to this litigation.  U.S. Bank did not explain in its briefing or at oral argument what Del Rosario or Schild stood to gain by allegedly altering the Lower Payoff Statement.

No. 25-20085

U.S. Bank challenges two other aspects of the district court's decision. Neither challenge is persuasive. First, U.S. Bank argues that Texas Title did not request the Lower Payoff Statement from SPS in the manner prescribed in 7 TEX. ADMIN. CODE § 155.2. Though true, this is irrelevant. Section 155.2 exists for the benefit of title companies and requires mortgage servicers to respond to properly formatted requests for payoff statements. It does not preclude mortgage servicers from voluntarily submitting payoff statements in response to improperly formatted requests. In any event, § 343.106(g) does not turn on the manner in which a payoff statement is requested. All the provision requires is that a title company receive a payoff statement submitted by a mortgage servicer.

Second, U.S. Bank contests the district court's relevance-based exclusion of several phone calls from December 16, 2021, in which a man purporting to be Del Rosario acknowledged that the payment to SPS would not fully pay off the loan. This court reviews evidentiary rulings during a bench trial for abuse of discretion. *Rivera v. Kirby Offshore Marine, L.L.C.*, 983 F.3d 811, 819 (5th Cir. 2020). To the extent that the excluded phone calls provide any support for U.S. Bank's fraud theory, they provide only weak, indirect support; their exclusion was at most harmless error. *See United States v. Hart*, 295 F.3d 451, 454 (5th Cir. 2002) (explaining that errors in evidentiary rulings "can be excused if [the error] was harmless" (quoting *United States v. Polasek*, 162 F.3d 878, 886 (5th Cir. 1998))). Even if the district court had admitted the evidence, its conclusion that SPS produced the Lower Payoff Statement would have remained plausible.

Finding no clear error or abuse of discretion in the district court's handling of this case, we AFFIRM.

5